[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]MEMORANDUM OF DECISION
This action, by writ and complaint, claiming a dissolution of marriage of the parties and other relief, as on file, came to this court on September 26, 1995, and thence to later dates when the defendant appeared and the action was claimed for the Family Relations list, and when the plaintiff appeared to prosecute the claim for a dissolution of marriage, and when the defendant failed to appear.
The court, having heard the evidence, finds the following:
1. The wife, whose maiden name was Georgann Sass, was lawfully married to the husband on August 5, 1972 at Huntington, CT Page 5327-A New York.
2. One party has resided continuously in this state twelve months next before the date of the filing of the complaint and all statutory stays have expired.
3. The marriage of the parties has broken down irretrievably.
4. No public or state agency is contributing to the support of the plaintiff or the defendant.
5. Only the following minor child has been born to the wife since the date of the marriage: Jennifer Whitney Nemerov, born August 3, 1980.
6. The parties hereto have submitted a written stipulation regarding custody, dated July 18, 1996, which stipulation is found to be fair and equitable, is made a part of the court file and shall survive as a separate instrument.
The marriage of the parties to this action is hereby dissolved and they are each declared to be single and unmarried.
Sole custody of the parties' minor child shall be awarded to the plaintiff, and the defendant shall have visitation with the CT Page 5327-B minor child upon three days written notice to the plaintiff, which visitation must occur in the State of Connecticut, or in whatever state the plaintiff is then residing, and shall not occur beyond a thirty mile radius of the plaintiff's residence. Said visitation shall not be for any overnight period. Further, the defendant shall pick up the child and drop her off at the residence occupied by the plaintiff and child.
The defendant shall be solely responsible for the costs associated with all visitation including, but not limited to, the cost of his travel for same and no such costs shall be considered a factor in deviating or subtracting from the weekly child support payments ordered below.
The defendant shall pay child support in the sum of $175 per week, which sum is in compliance with the Child Support Guidelines currently in effect.
All right, title and interest in and to the marital residence located at 11 Spruce Mountain Road, Danbury, Connecticut, shall be transferred to the plaintiff pursuant to Connecticut General Statutes § 52-22, effective August 28, 1996.
All right, title and interest in and to the Vermont property shall be transferred to the plaintiff pursuant to Connecticut CT Page 5327-C General Statutes § 52-22.
One-half of all the Vanguard IRA account currently in the name of the defendant, and identified as follows: Vanguard IRA Account a/k/a Vanguard Star Fund; Participant — Hartley Nemerov; Participant's Account No. 09794028658; Participant's Federal I.D. No. 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, in the approximate amount of, but not limited to $68,574.06, shall be transferred to the plaintiff.
The Vanguard IRA account currently in the name of the wife shall be retained solely by her.
The court's order for a capias pursuant to a subpoena and motion for contempt scheduled on August 19, 1996 against the defendant, shall merge into this judgment.
The defendant shall pay an alimony arrearage existing on this date, in the amount of $2,599.98, within thirty days from the date of the filing of this decision.
The defendant shall pay the arrearage of child support in the amount of $2,274.99, as of this date, within thirty days from the date of the filing of this decision.
The total of the aforementioned arrearage existing on this CT Page 5327-D date is $4,874.97. The total arrearage of $4,874.97 shall be paid to the plaintiff within thirty days of the filing of this decision.
The order entered on August 19, 1996 for sheriff's costs ($1000) and attorney's fees ($1000), to be paid by the defendant to the plaintiff, shall merge into the final judgment, and the total amount of $2000 shall be paid to the plaintiff by the defendant within thirty days from the filing of this decision.
The fees of $6670.38 for the attorney for the minor child are found to be fair and reasonable.
The plaintiff shall pay the attorney's bill for the minor child in full, which bill shall be paid no later than the date on which the residence is sold and she receives proceeds therefrom.
The defendant shall reimburse to the plaintiff one-half the amount of the bill for the child's attorney within five days of the plaintiff's payment to said counsel for same.
The defendant shall be solely responsible for all outstanding medical, hospital, psychological and psychiatric bills incurred on behalf of the minor child to the date of this decision, and shall indemnify and hold the plaintiff harmless thereon. Said CT Page 5327-E bills shall include but not be limited to the bills from Tom Foster, Mark Ligorski, Danbury Hospital, Danbury Ambulance, and Dr. Asaad.
The defendant shall not be responsible for outstanding liabilities as reflected on plaintiff's financial affidavit except for those specifically mentioned in this decision, and that the defendant shall indemnify and hold the plaintiff harmless on all such liabilities specifically mentioned in this decision.
The defendant shall pay periodic alimony to the plaintiff in the sum of $200 per week, which sum shall be paid until the death of the plaintiff, her remarriage, or cohabitation, as provided by statute.
The defendant shall provide a life insurance policy on his life in a death benefit of $250,000, naming the plaintiff as sole beneficiary thereunder, which policy shall remain in full force and effect until the defendant's obligation to pay alimony and child support ceases.
The defendant shall provide proof of such insurance upon request of the plaintiff, which request may be made no more than twice per year. CT Page 5327-F
Should the defendant become deceased without such life insurance being in effect at that time, then the plaintiff shall have a claim against the estate of the defendant up to the amount of the aforementioned policy. In addition, she shall have such claim in the amount of any arrearage then outstanding regarding any liabilities on which the plaintiff is named and on which the defendant has been ordered to pay.
The plaintiff shall maintain medical insurance for the benefit of the minor child so long as it is available to her through her employment at a reasonable cost, and the defendant shall be responsible from the date of this decision for one-half the cost of any unreimbursed medical expenses incurred on behalf of the minor child. He shall make said payments within three days upon his receipt of written notice from the plaintiff or the medical care provider.
The defendant shall return to the plaintiff all of the personalty which he removed from the former residence or, in the alternative, shall pay to the plaintiff the sum of $10,000. Whichever option he elects. satisfaction shall be no later than thirty days from the date of the filing of this decision.
Any deficiencies, interest or penalties associated with any CT Page 5327-G joint state or federal income tax returns previously filed by the parties shall be the sole responsibility of the defendant, and any costs or fees incurred by the plaintiff for her defense against such claims shall be the sole responsibility of the defendant. Further, the defendant shall indemnify and hold the plaintiff harmless on the aforementioned deficiencies, interest, penalties, costs and fees, if any.
The defendant shall be entitled to declare the minor child as his tax dependency exemption, beginning with the 1997 tax year.
The title of the parties' 1987 Nissan Pathfinder shall be conveyed to the plaintiff, and she shall thereafter have sole possession and title, and a certified copy of this judgment shall suffice to effectuate this conveyance.
The plaintiff's maiden name, Georgann Sass, is hereby restored to her.
With the exception of the real property transfer of the marital residence and the restoration of the plaintiff's maiden name, which orders shall take effect immediately, all other aforementioned orders shall take effect upon the filing of this decision with the Clerk of the Court.
The defendant shall continue to pay the pendente lite alimony CT Page 5327-H and child support in the amounts previously ordered until this decision is filed with the Clerk of the Court.
The injunction issued on August 19, 1996, regarding the defendant's IRA with Vanguard, shall remain in effect until the lapse of the aforementioned time.
The written stipulation dated July 18, 1996, and attached hereto, is incorporated by reference in its entirety.
Stodoling, J.